UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────X

RUSSELL ALLEN,

                Plaintiff,                  MEMORANDUM
                                                     AND ORDER
- v. -                                       15-CV-6331 (WFK)(CLP)

DON DIVA MAG-ENT,

                Defendant.
───────────────────────────────X

**WILLIAM F. KUNTZ, II, United States District Judge:**

On November 2, 2015, *pro se* Plaintiff Russell Allen ("Allen"), who was convicted and sentenced in this Court, *United States v. Allen*, 04-CR-966 (FB), but is incarcerated pursuant to that sentence in Alabama, filed this libel action against defendant magazine located in New York alleging a 2007 article defamed him causing serious ramifications for him in prison. Complaint at 2. He seeks damages. Complaint at 4. The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) solely for the purpose of this order. For the reasons discussed below, Plaintiff is granted 30 days leave to file an amended complaint.

BACKGROUND

The following facts are drawn from Plaintiff's complaint and its attachments, the allegations of which are assumed to be true for purposes of this Memorandum and Order. In 2009, Allen was sentenced in this court by the Honorable Frederic Block to a thirty year term for racketeering; he is currently incarcerated at the Federal Correctional Institution Talladega, in Talladega, Alabama. He alleges that on September 1, 2007, defendant magazine, *Don Diva*, printed an article in which Plaintiff was wrongly named as a "rat" for having testified for the prosecution against Kenneth McGriff, a/k/a, Supreme, "one of the most feared drug lords," in the

1

criminal case in this Court in which they were both indicted. *Don Diva* published a retraction in 2009, but this was after the magazine which, according to Plaintiff, is "a popular read," was banned from federal prisons around 2008 because of it "reputation for exposing snitches." Complaint at 2. He states that although the magazine is no longer available in federal facilities, defendant is still selling the issue of the magazine with the article that defames him. Plaintiff alleges that he has suffered numerous serious problems over the last eight years because of the 2007 article and its inaccessible retraction including (1) months in solitary confinement to secure him from death threats from other inmates; (2) loss of financial support from family and friends; (3) loss of good time credits for "defending himself from attacks over the article labelling him a rat" resulting in a longer prison term; (4) alienation from family and friends who believe the article. He states that in 2008, he hired a lawyer to file this libel action in New York state court who retired without completing Plaintiff's case. ECF No. 1 at 24. Plaintiff seeks to recover damages in this Court for defendant's libel.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." However, a court must construe a *pro se* litigant's pleadings liberally. *See Chavis v. Chappius*, 618 F.3d 162, 171 (2d Cir. 2010); *Sealed Plaintiff v. Sealed Defendant # 1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

A plaintiff, even if proceeding *pro se*, must establish that the court has subject matter jurisdiction over the action. *Hamm v. United States*, 483 F.3d 135, 137 (2d Cir. 2007); *Ally v. Sukkar*, 128 F. App'x 194, 195 (2d Cir. 2005) ("Although we construe a *pro se* plaintiff's

2

complaint liberally, a plaintiff attempting to bring a case in federal court must still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action.") (citations omitted).

Federal courts are courts of limited jurisdiction and may not preside over cases absent subject matter jurisdiction. *Exxon Mobil Corp. v. Allapattah Sers., Inc.*, 545 U.S. 546, 552 (2005) (noting that plaintiff has the burden of proving by a preponderance of the evidence that subject matter exists); *Frontera Res. Azer. Corp. v. State Oil Co. of Azer. Rep.*, 582 F.3d 393, 397 (2d Cir. 2009). The requirement of subject matter jurisdiction cannot be waived, *United States v. Cotton*, 535 U.S. 625, 630 (2002), and its absence may be raised at any time by a party or by the court *sua sponte*. *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434(2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). Where a court lacks subject matter jurisdiction, dismissal is mandatory. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); *see also* Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

The subject matter jurisdiction of the federal courts is limited to only two circumstances: when a "federal question" is presented, 28 U.S.C. § 1331, or when the plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. The court does not have subject matter jurisdiction over this complaint under either of these provisions.

A federal court has subject matter jurisdiction when a complaint presents a federal question. 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is

governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392(1987). The facts alleged by Plaintiff in this complaint concerns a state law defamation claim, it does not suggest a violation of the United States Constitution or any federal laws by the defendant. *See Fisher v. Silverstein*, 99-CV-9657, 2004 WL 1933610, at *5 n. 60 (S.D.N.Y. Aug. 30, 2004) (Scheindlin, J.) ("The general allegation of the existence of a Federal question is ineffective unless the matters constituting the claim for relief as set forth in the complaint raise a Federal question.") (citation omitted). Given the absence of a federal claim, the Court lacks federal question jurisdiction to adjudicate this case.

Nor does this Court have diversity jurisdiction over this action. A federal court has subject matter jurisdiction over a state law claim if the plaintiff and defendant(s) are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. §1332. On its face, the complaint does not adequately allege diversity of citizenship. A prisoner does not acquire a new domicile when he is incarcerated in a state different from his previous domicile; the prisoner retains his pre-incarceration domicile. *Urena v. Wolfson*, 09-CV-1107, 2010 WL 5057208, at *13 (E.D.N.Y. Dec. 6, 2010) (Matsumoto, J.) ("[A] prisoner's domicile is determined by his pre-incarceration domicile and does not change if the prisoner is transferred to a facility outside of that state.").

However, the presumption that a prisoner retains his pre-incarceration domicile is rebuttable. *Housand v. Heiman*, 594 F.2d 923, 925 (2d Cir. 1979) (allowing a prisoner to try to show that he has satisfied the prerequisites for establishing domicile in his place of incarceration); *Poucher v. Intercounty Appliance Corp.*, 336 F. Supp. 2d 251, 253 (E.D.N.Y.

4

2004) ("[A]lthough a prisoner is presumed to retain his former domicile, he can attempt to demonstrate that he has established a new domicile in his state of incarceration."). This presumption is rebutted only when a prisoner can show "'truly exceptional circumstances which would justify a finding that he has acquired a new domicile at the place of his incarceration.'" *Braten v. Kaplan*, 07-CV-8498, 2009 WL 614657, *4 (S.D.N.Y. Mar. 10, 2009) (Baer, J.) (quoting *Jones v. Hadican*, 552 F.2d 249, 251 (8th Cir. 1977)). In order for a prisoner to establish diversity jurisdiction based on the theory that his place of incarceration is his domicile, "the complaint must allege facts sufficient to raise a substantial question about the prisoner's intention to acquire a new domicile." *Jones*, 552 F.2d at 251.

Here, Plaintiff "does not allege diversity of citizenship nor does he make clear in his pleadings on what facts a diversity claim could be based." *Housand*, 594 F.2d at 925. Plaintiff has provided no facts concerning his pre-incarceration domicile, which appears to be New York, nor does he allege intent to be domiciled in Alabama, the state of incarceration. Without allegations of Plaintiff's domicile, the Court cannot find diversity jurisdiction over this action. Therefore, the Court does not have diversity jurisdiction over Plaintiff's complaint against *Don Diva*, which is identified in the complaint as a business located in New York.

Moreover, Plaintiff's claim fails to satisfy the amount in controversy requirement. *Lupe v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273 (2d Cir. 1994) ("[T]he party asserting diversity jurisdiction in federal court has the burden of establishing the existence of the jurisdictional amount in controversy."); *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994) ("A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount.").

5

## CONCLUSION

For the reasons explained above, the Court finds that it lacks subject matter jurisdiction over Plaintiff's complaint. Fed. R. Civ. P. 12(h)(3). However, Plaintiff is granted leave to file an amended complaint within 30 days from the entry of this Order that includes a basis for this Court's subject matter jurisdiction. Plaintiff is advised that any amended complaint he files will completely replace the original complaint. The amended complaint must be captioned "Amended Complaint," and shall bear the same docket number as this Order.

All further proceedings shall be stayed until the expiration of the time granted to file an amended complaint or until an amended complaint is filed, whichever occurs first. If Plaintiff fails to file an amended complaint, judgment dismissing this action without prejudice to its refiling in a court of appropriate jurisdiction shall be entered. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/William F. Kuntz, II

William F. Kuntz, II
United States District Judge

Dated: Brooklyn, New York
December 10, 2015