```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
RUSSELL ALLEN,

                    Plaintiff,

        v.                                          DECISION & ORDER
                                                    15-CV-6331 (WFK)
DON DIVA MAG -ENT,

                    Defendant.
-----------------------------------------------------------------x
```

**WILLIAM F. KUNTZ, II, District Judge.**

On November 2, 2015, Plaintiff Russell Allen in the above-captioned action filed a complaint for defamation against Defendant Don Diva Mag – Ent, a magazine publisher. ECF No. 1. Plaintiff's Complaint related to a statement published by Defendant in the fall of 2007 in Don Diva Magazine, which falsely asserted Plaintiff testified for the government in the trial of Kenneth McGriff, a convicted drug dealer. Plaintiff is currently incarcerated on a racketeering conviction. On December 28, 2015, Plaintiff filed an Amended Complaint restating his cause of action for defamation against defendant Don Diva Mag – Ent. ECF No. 8. Defendant filed an Answer to Plaintiff's Complaint on September 30, 2016. ECF No. 18. After engaging in limited discovery, Defendant filed for summary judgment, which became fully briefed on February 26, 2018. ECF Nos. 49-54.

As this is an action in diversity, New York state law applies. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Defamation is "the making of a false statement which tends to 'expose the plaintiff to public contempt, ridicule, aversion or disgrace, or induce an evil opinion of him in the minds of right-thinking persons, and to deprive him of their friendly intercourse in society.'" *Foster v. Churchill*, 87 N.Y.2d 744, 751 (1996). Under New York law the elements of a defamation claim are: (1) a false statement; (2) published to a third party

without privilege or authorization; (3) with fault amounting to at least negligence; (4) that caused special harm or defamation *per se*. *See Dillon v. City of New York*, 261 A.D.2d 34, 38 (1st Dep't 1999). "Special harm" contemplates "the loss of something having economic or pecuniary value." *Liberman v. Gelstein*, 80 N.Y.2d 429, 434-35 (1992). False statements that constitute defamation *per se* either (i) charge plaintiff with a serious crime; (ii) tend to injure plaintiff in his or her trade, business or profession; (iii) assert that plaintiff has a loathsome disease; or (iv) call into question plaintiff's chastity if she is a woman. *See Moore v. Francis*, 121 N.Y. 199, 203 (1890); *Privitera v. Town of Phelps*, 79 A.D.2d 1, 3 (4th Dep't 1981).

Plaintiff attempts to construe the assertion that he participated as a government witness in a criminal trial as a defamatory statement but fails to appreciate that cooperating with the government in the prosecution of a murderous drug dealer is not normally considered to be the kind of thing that would alienate a person from "right-thinking persons" or result in a person becoming alienated from society in general. Furthermore, Plaintiff has produced no evidence that would tend to prove special harm. His allegations also do not fall within any category of defamation *per se*.

Finally, as a procedural matter, the statute of limitations for defamation in New York is one year from the act of publication. N.Y. C.P.L.R. § 215(3). The alleged defamatory statement in this case was published in the fall of 2007. ECF No. 8 ¶ 3. Plaintiff did not file a Complaint in this matter until nearly eight years after its publication and nearly six years after it first appeared online.

For the foregoing reasons, Defendant's motion for summary judgment is GRANTED.

The Clerk of Court is directed to close this case.

**SO ORDERED.**

s/WFK
HON. WILLIAM F. KUNTZ, II
United States District Judge

Dated: December 14, 2018
      Brooklyn, New York